### Baker Borden v. Erastus Clark.

*Promissory note : Patent-right : Consideration : Bona fide purchaser.* Notice to a proposed purchaser of a promissory note, that it was given for a patent-right, is not enough to put him on inquiry. so as to preclude his becoming a *bona fide* purchaser.—*Miller v. Finley, supra,* p. 249.

*Promissory note : Endorsement without recourse : Bona fide purchaser.* The fact that the vendor of a promissory note endorsed it "without recourse," has no tendency to show that his vendee, the plaintiff, is not a *bona fide* purchaser.

*Bill of exceptions : Evidence : Presumption.* It will not be presumed that there was no evidence that the plaintiff paid value for the note sued upon, when the bill of exceptions does not purport to give all the evidence, but does disclose that the defendant,—impliedly, at least,—conceded such payment, by his course during the trial, and took no exception to the action of the court, in assuming this fact to be admitted.

*Declaration : Ad damnum clause : Amendment : Discretion.* The granting of an amendment to the *ad damnum* clause of the declaration, to cure a clerical error, during the argument of the cause to the jury, without imposing any terms, when it could not have prejudiced the defendant on the merits, is but a fair exercise of judicial discretion, which will not be reviewed on error.

*Submitted on briefs January 11.    Decided January 14.*

Error to Kent Circuit.

*H. Joslin,* for plaintiff in error.

*Taggart & Simonds,* for defendant in error.

CHRISTIANCY, CH. J.

This was an action brought by Clark, as endorsee, against Borden, as the maker of a promissory note. The note was

made payable to the order of one French, who sold and endorsed it to the plaintiff, before maturity, the endorsement being " without recourse."

The note being admitted and read in evidence, the plaintiff rested.

The defendant then proposed to show · in defense, in pursuance of a notice under the general issue, that the note was given for the purchase by him from French, the payee, of an interest in a patent-right, called the "Universal Seed Sower," which French falsely and fraudulently represented as of very great value, but which, in fact, was worthless, large numbers of which he falsely represented to have been sold, etc., and that defendant was induced by such false and fraudulent representations, to make the purchase and give the note.

In offering this evidence, the defendant proposed to follow it up with proof of notice to the plaintiff of such fraud in the obtaining of the note, and with this view, and upon this condition, the evidence of the fraud was admitted. And a large amount of evidence was given, strongly tending to show that the note was obtained by such fraud as would have rendered it void as between the defendant and French. But no evidence was given tending, or even claimed, to show notice to the plaintiff of such fraud, except that it was shown that plaintiff was informed that the note was given for a patent-right, and was endorsed " without recourse." The defendant's evidence, in fact, tended to show that the plaintiff had no notice that the note was obtained by fraud.

A motion was then made by the plaintiff's counsel, to strike out all the evidence tending to show such fraud in the procurement of the note; and this motion was granted by the court; and this is assigned for error.

The counsel for the plaintiff in error insists that the

notice to the plaintiff that the note was given for a patent right was, of itself, enough to put the plaintiff upon inquiry, and that he cannot, therefore, claim to be a *bona fide* holder. There was clearly no foundation for this proposition. The plaintiff had a right to presume that an article which by the proper officers had been judged of sufficient importance to be patented, was of some value.—See *Miller v. Finley*, *supra*, *p. 249*.

The proposition relied upon by the plaintiff in error, that the endorsement being without recourse, tended to show that the plaintiff had not taken the note *bona fide*, is equally without foundation, and requires no comment.

It is also urged by the plaintiff in error, that the evidence of fraud in the procurement of the note, cast upon the plaintiff the burden of proving that he gave value for it, and there being no evidence tending to show that he gave value for it, the court, for this reason, erred in striking out the evidence of fraud.

This point would be entitled to serious consideration, if it sufficiently appeared by the bill of exceptions, that there was no evidence tending to show that the plaintiff below paid value for the note, and perhaps, if it did not satisfactorily appear that the fact of his having paid value for it, was admitted by the defendant.

But the bill does not purport to give the whole evidence, and from what appears upon it, it is fairly to be presumed, that the fact of the payment of value was conceded by the defendant. The evidence on the part of the defendant, speaks of the plaintiff's having "bought" the note, "purchased" it, etc., which, of itself, tends to show that some valuable consideration must have been paid for it,—that it was not a mere gift.

Again, the very offer of the defendant to prove the fraud, on the condition of following it up with proof of notice

to the plaintiff of such fraud, impliedly admitted that plaintiff was a holder for value; since, if not, the defendant would have been entitled to prove the fraud without showing notice of it to the plaintiff; and he does not offer the proof of fraud upon any such grounds.

Again, the motion to strike out the evidence of fraud, was made upon the express ground that "the plaintiff is an innocent holder of the note for value;" and the court, in granting the motion, placed it upon this express ground, and the defendant took no exception to the assumption of this fact. We must therefore consider the fact as conceded by the defendant, that the plaintiff paid value for the note.

There was a clerical error in the *ad damnum* clause of the declaration, in which the damages were stated at ten dollars (the note declared upon being for one hundred and eighty dollars besides interest). And when the cause was being argued to the jury, the court allowed the plaintiff to amend this by adding the word "thousand," after "ten," and this without imposing any terms, the defendant insisting that it should only be done upon the terms of continuing the cause.

It is so clear that this amendment could not have prejudiced the defendant upon the merits, that we think the granting of the amendment was a fair exercise of judicial discretion, which we should not be disposed to review, if we had the power.

The judgment must be affirmed, with costs to the defendant in error, of both courts.

The other Justices concurred.