PEOPLE *v*. EDDY.

1. CRIMINAL LAW—MOTION TO STRIKE ALL TESTIMONY—COMPETENCY
OF EVIDENCE.
  Motion to strike "all of the testimony of all of the persons who
  bought" from defendant securities which had not been accepted
  by the corporation and securities commission for filing for sale,
  was properly denied, where it covered some testimony which
  manifestly was not incompetent by reason of the fact that some
  of the witnesses did not become known to the officers only
  through an examination of unlawfully-seized records.

2. SAME—SEARCH AND SEIZURE—COMPETENCY OF EVIDENCE.
  The fact that officers learned whom to subpoena as witnesses
  through unlawfully-seized documents is immaterial to the ques-
  tion of the competence of the testimony such witnesses gave,
  where none of the unlawfully-seized evidence was introduced.

3. LICENSES—BLUE-SKY LAW—ACCEPTANCE OF SECURITY FOR FILING
FOR SALE—DEALER'S LICENSE.
  The provision of the securities act which exempts an owner who
  sells his own securities from the necessity of securing a dealer's
  license does not exempt the security from provision of the
  act requiring that the security be accepted for filing for sale
  by the corporation and securities commission (CL 1948, §§ 451.-
  107, 451.121).

4. CRIMINAL LAW—UNLAWFUL SALE OF SECURITIES.
  Defendant in prosecution for sale of securities in violation of stat-
  ute did not come under any exception of the securities act ex-
  empting him from its provisions, where he sold securities that
  had not been accepted for filing in the course of repeated and
  successive transactions of a like character to several persons
  (CL 1948, § 451.101 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial §§ 431, 432.
[2]  20 Am Jur, Evidence § 394 *et seq.*
[3]  47 Am Jur, Securities Acts § 24.
[4]  47 Am Jur, Securities Acts § 53 *et seq.*

Appeal from the Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted June 13, 1957. (Docket No. 62, Calendar No. 46,556.) Decided October 7, 1957. Application for certiorari denied by the Supreme Court of the United States March 31, 1958.

George G. Eddy was convicted of selling securities in violation of the blue-sky law. Affirmed.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber, Samuel Brezner, Angelo A. Pentolino* and *Ronald J. Prebenda,* Assistant Prosecuting Attorneys, for the people.

*Edward N. Barnard,* for defendant.

Dethmers, C. J. Defendant was convicted of selling securities which had not been accepted for filing for sale by the Michigan corporation and securities commission, in violation of section 7 of the blue-sky law (CL 1948, § 451.101 *et seq.* [Stat Ann § 19.741 *et seq.*]). Proofs established that he had made a large number of such sales in the course of repeated and successive transactions of a like character to several persons.

It is defendant's contention that the identity of some of the persons to whom he made such sales and who appeared as witnesses for the people became known to the officers only through their examination of records unlawfully seized by them in his home and that, therefore, the court erred in not granting his motion to strike "all of the testimony of all of the persons who bought" such securities from defendant. The record does not disclose, and apparently defendant did not attempt to show, which of the witnesses were so discovered by the officers to be such purchasers, but only that some, unnamed, were; and it was affirmatively shown that at least some of

·them were previously known to be such by the officers. If any of the evidence which defendant moved to have stricken were to be considered incompetent for the reasons advanced, the motion was yet properly denied because it covered some testimony which manifestly did not suffer from the claimed infirmity. *People* v. *Dowd,* 44 Mich 488; *People* v. *Stanley,* 101 Mich 93. Furthermore, defendant cites and we find no authority for his proposition that the otherwise competent testimony of witnesses is rendered incompetent by the fact that the knowledge that they were possessed of information qualifying them to testify in the case came to the officers through their perusal of records unlawfully seized by them. No unlawfully-seized evidence was introduced. The facts as to how the authorities learned whom to subpoena as witnesses are immaterial to the question of the competence of the testimony they gave. Learning of their identity through unlawfully-seized documents could not serve to seal their lips forever.

Defendant contends that his motion for directed verdict of not guilty should have been granted on the ground that the securities he sold were his own property and that such sales were not violative of section 7* of the blue-sky law as charged, even though the securities had not been accepted for filing for sale by the commission. Defendant's ingenious argument in this connection runs about as follows:— that the people claimed and showed continued and successive transactions by defendant in selling the securities in question; that section 21† of the act provides that nothing in subdivision 2 of the act shall be construed as prohibiting an owner of· secu-

---

* CL 1948, § 451.107 (Stat Ann 1955 Cum Supp § 19.747).—RE-PORTER.

† CL 1948, § 451.121 (Stat Ann 1955 Cum Supp § 19.761).—RE-PORTER.

rities from selling them, excepting that when he sells them in continued and successive transactions he shall be deemed a "dealer" therein; that, therefore, under the people's proofs he was, at most, a dealer; that under the definitions of section 2 of the act the terms "salesman" and "dealer" are mutually exclusive; that, hence, because defendant was a dealer he could not have been a salesman or seller; and that section 7, under which defendant was convicted, treats only with selling or a seller and not with a dealer and, therefore, defendant being a dealer and not a seller, he could not have been guilty of violating section 7. The reasoning is spurious. The provision in section 21 that one engaged in continued and successive transactions shall be deemed a "dealer" must be read in the light of the words immediately following, namely, that he shall be "subject to the provisions hereof," that is to say, subject to the provisions of section 21 requiring the procuring of a dealer's license. The purpose of the mentioned designation as a dealer is solely to impose the requirement of a dealer's license and not to exempt from the requirement of section 7 that securities sold must first be accepted by the commission. It will be noted that the exemption in section 21, with respect to an owner's sale of his own securities, extends by express terms only to the prohibitions contained in subdivision 2 of the act and not to the requirements of section 7 which is contained in subdivision 1. There is no language in either sections 21 or 7, or elsewhere in the act, exempting a dealer from the prohibition of section 7 that no security shall be sold *by any person* until it has been accepted for filing for sale by the commission. That prohibition of section 7 extends to "any person," whether dealer, seller, salesman or whatever. The only exceptions are provided in section 7 itself and relate not to kinds of persons making the sales, but, rather, to the

kinds of securities enumerated in section 4* and to the kinds of sales enumerated in section 5 of the act,† of which the exception most nearly pertinent here is that contained in section 5(c), namely, "an isolated transaction * * * by the owner * * * not being made in the course of repeated and successive transactions of a like character by such owner." Inasmuch as defendant's sales were repeated and successive, they did not come within that exception. Affirmed.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.

---

* See CLS 1956, § 451.104 (Stat Ann 1955 Cum Supp § 19.744).—
REPORTER.
† See CL 1948, § 451.105 (Stat Ann 1955 Cum Supp § 19.745).—
REPORTER.