PEOPLE *v.* CHARACTER #1

1. CRIMINAL LAW—EVIDENCE—MOTION TO SUPPRESS—TIMELINESS—APPEAL AND ERROR.

> A motion to suppress evidence must ordinarily be made before trial if defense counsel is aware of the evidence at that time; however, the appellate courts can consider the issue of an illegal seizure, even though no pretrial motion was made, if the lack of that motion was decisive in the defendant's conviction.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 425, 426.
[2, 4] 47 Am Jur, Searches and Seizures §§ 19, 52.
[3] 47 Am Jur, Searches and Seizures §§ 52–54.
[5, 6] 47 Am Jur, Searches and Seizures §§ 18, 19, 52–54.
Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.
[7] 56 Am Jur, Weapons and Firearms § 10.

2. SEARCHES AND SEIZURES—PROBABLE CAUSE—FELONY.

A warrantless search and seizure can be made either before or after an arrest if a police officer has probable cause to believe that a felony has been or is being committed.

3. SEARCHES AND SEIZURES—REASONABLE.

The reasonableness and, therefore, the legality of a search and seizure depends upon the facts known to the officers at the time of the search.

4. SEARCHES AND SEIZURES—ILLEGAL SEARCH—VALIDATION.

An illegal search cannot be validated on the basis of the results the search produces.

5. SEARCHES AND SEIZURES—AUTOMOBILES—TRAFFIC VIOLATION—PROBABLE CAUSE.

Search of an automobile and seizure of a gun from its glove compartment were not based on probable cause to believe that a felony had been or was being committed where two police officers noticed an unattended automobile parked in a no-standing zone with its motor running and with no key in the ignition, the officers saw a screwdriver in the front seat of the car, a check revealed that the car was not listed as stolen, and the officers then searched the car and found a .38-caliber revolver in the glove compartment.

6. SEARCHES AND SEIZURES—TRAFFIC VIOLATION—PROBABLE CAUSE.

A traffic violation is not sufficient in and of itself to justify a search and seizure.

7. CRIMINAL LAW—CARRYING A WEAPON—AUTOMOBILES—ELEMENTS.

An essential element of the offense of carrying a weapon in an automobile is that the defendant "operated or occupied" the vehicle with the weapon located in the car (MCLA § 750.227).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 February 8, 1971, at Detroit. (Docket No. 9920.) Decided March 26, 1971.

Joseph Character, Jr., was convicted of carrying a concealed weapon. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Holbrook, J. This is an appeal as of right from a nonjury conviction on a charge of carrying a concealed weapon in an automobile. MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).[1]

On December 6, 1969, a complaint and warrant were issued charging defendant with carrying a concealed weapon in an automobile. Defendant waived examination and after a nonjury trial on May 6, 1970, defendant was convicted, and on May 27, 1970, defendant was sentenced to serve four years' probation. An order appointing appellate counsel was entered on July 13, 1970, and a claim of appeal was filed on July 22, 1970. An order denying a delayed motion for a new trial was entered on October 2, 1970.

Pertinent facts developed at trial were the following:

Two Detroit police officers on routine patrol saw an automobile parked in the street with the motor running and no occupants. The car was parked in front of a theatre in a no standing zone. There was no key in the ignition. A screwdriver was lying on

---

[1] The applicable statute provides in essential part that:
"Any person who shall  *  *  *  carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him  *  *  *  without a license to so carry said pistol as provided by law, shall be guilty of a felony."

the front seat. A larceny check on the car was called in by radio and the officers were informed that the car was not listed as stolen. The officers then searched the car and found a .38-caliber revolver in the glove box. They seized and removed the gun from the car.

The officers then stationed themselves across the street to await the return of the driver of the car. Shortly thereafter, defendant entered the car. After he got inside, the officers approached and arrested him for carrying a concealed weapon in an automobile.

The record does not indicate that defendant made any pretrial motion to suppress the pistol as illegally seized evidence. It is a general rule that any motion to suppress evidence must be made before trial if the defense counsel is aware of the evidence at that time. *People* v. *Smith* (1969), 19 Mich App 359; *People* v. *Harper* (1966), 3 Mich App 316. Here defendant waived the preliminary examination. However, there appears to be little doubt that defendant was aware of the seizure of the pistol and the question of the legality of that seizure. The orderly conduct of a trial necessitates that such motions and the resultant hearing be disposed of before trial. However, this Court can still consider the issue, even though no pretrial motion was made, if the lack of that motion was decisive in the defendant's conviction. *People* v. *Degraffenreid* (1969), 19 Mich App 702. The defendant did object to the admission of the gun at trial, and the trial court ruled it to be admissible.

Defendant raises two issues on appeal. First, that the pistol should have been excluded from evidence because it was illegally seized and, second, the evidence was insufficient to find the defendant guilty beyond a reasonable doubt.

A police officer may make a warrantless search and seizure, either before or after an arrest, if he has probable cause to believe that a felony has been or is being committed. *People* v. *Zeigler* (1960), 358 Mich 355. Whether or not a search and seizure was reasonable and, therefore, legal depends upon the facts known to the officers at the time of the search. *People* v. *Zeigler, supra; People* v. *Wade* (1970), 23 Mich App 132. The people's brief does not address itself to the question of whether the search and seizure was reasonable except to state:

"The search of the vehicle followed two misdemeanors being committed in the presence of the police officers—namely, an illegally parked vehicle in a no standing zone left with the motor running."

The people also assert that the search was incident to a lawful arrest. However, the facts that brought about the arrest for having a concealed weapon in the automobile came to light after the search, whereas the facts to justify and make the original search reasonable necessarily had to be present beforehand.

The fact that forbidden fruit (a weapon) was discovered does not change the principle. This Court in *People* v. *Giacalone* (1970), 24 Mich App 492, 494, correctly stated:

"We know of no constitutional doctrine, judicially approved, which permits the validation of an illegal search on the basis of the results it obtains."

In the instant case, the facts were not sufficient to give the officers probable cause to believe that a felony had been or was being committed. The fact that the car was parked in a no standing zone and directly in front of a theatre is not in and of itself justification for a search and seizure. A violation of the motor vehicle code cannot justify, by itself,

a search and seizure. *People* v. *Lee* (1963), 371 Mich 563, 567, 568. *People* v. *Zeigler, supra.*

We cannot rule that the gun was admissible under the proviso of the search and seizure section of the Michigan Constitution, excepting searches and seizures of weapons and narcotics outside the curtilage of a dwelling, because it has been declared violative of the Federal Constitution. *People* v. *Pennington* (1970), 383 Mich 611.

Because the officers did not have probable cause to search the car, the pistol was illegally seized and, therefore, was inadmissible as evidence. *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933); *People* v. *Lee, supra.*

The defendant, at the scene of the arrest, denied any knowledge of the gun. At trial, he explained why he had parked the automobile where he did, *i. e.,* he had an urgent call of nature and it required his immediate attention. He further testified that his car had been stolen and that when it was returned to him, the keys were missing and he used a screwdriver to start the automobile. He stated that at the time the automobile was stolen, he reported it to the police.

Defendant's conviction is also defective because the prosecution offered no proof that the defendant "operated or occupied" the vehicle with the weapon located therein. This is an essential element of the offense required by the statute MCLA § 750.227 (Stat Ann 1962 Rev § 28.424). Without this essential element of proof the conviction must be set aside.

Reversed.

All concurred.