PEOPLE *v.* CHARACTER #2

SEARCHES AND SEIZURES—PROBABLE CAUSE—ILLEGAL ARREST.
Search and seizure of narcotics from the defendant after the
defendant's arrest for carrying a concealed weapon were un-
reasonable where the arrest and search of the defendant for
carrying a concealed weapon were unreasonable for lack of
probable cause.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 February 8, 1971, at Detroit. (Docket No. 9920.) Decided March 26, 1971.

Joseph Character, Jr., was convicted of possession of narcotics. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Searches and Seizures §§ 18, 19, 52–54.

PER CURIAM. This is an appeal as of right from a nonjury conviction on the charge of unlawful possession of narcotics. MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

On December 7, 1969, a complaint and warrant were issued charging defendant with unlawful possession of narcotics. Defendant waived examination and after a nonjury trial on May 6, 1970, he was convicted and on May 27, 1970, was sentenced to serve 4 years' probation. An order denying a delayed motion for a new trial was entered on October 2, 1970.

This case arose out of the transaction present in the case of *People* v. *Character* #1 (1971), 32 Mich App 40. Because the facts and rulings there are basic to a decision in this case, we make them a part of our opinion.

We add the additional facts that the police, after arresting the defendant for the charge of carrying a concealed weapon in an automobile, drove defendant to the police station, and while there, prior to placing him in jail, the police searched the defendant and found a packet of narcotics in his sock. Defendant asserts that the trial court committed error in admitting the narcotics into evidence because it was obtained through an illegal search and seizure. We ruled in *People* v. *Character* #1, *supra,* that the original search which resulted in the police discovering the pistol in the glove box of defendant's car was invalid because of a lack of probable cause. We rule that the additional evidence found by the police on the person of the defendant as a result of the search and seizure at the police station could be justified only if the original search and seizure and resulting arrest were proper and based upon probable cause. There being no showing of probable cause, we rule that this search

and seizure was not reasonable and the evidence seized was not admissible as evidence against defendant. *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933); *People* v. *Lee* (1963), 371 Mich 563.

Reversed.