PEOPLE *v.* GUNN

PEOPLE *v.* WALKER

PEOPLE *v.* COLE

1. Searches and Seizures—Illegally-Seized Evidence—Eviden-
tiary Hearing—Necessity of Hearing—Appeal and Error—
Standard of Review.

The test on appeal whether a refusal to allow the taking of
proofs as to allegedly illegally-seized evidence was reversible
error where the defendant knew of the evidence and waited
until trial to raise the issue is (1) whether the evidence was
erroneously admitted and (2) whether the evidence's exclusion
would probably have meant acquittal for the defendant.

2. Criminal Law—Searches and Seizures—Evidentiary Hearing—
Illegally-Seized Evidence.

No separate evidentiary hearing after trial had started was neces-
sary as to defendant's allegation that the testimony of two
witnesses was produced as a result of an illegal arrest and an
illegal search and seizure where defendants did not show how
the alleged illegalities produced the testimony.

3. Criminal Law—Evidence—Accomplice's Coerced Confession—
Standing to Object.

A defendant cannot object to an accomplice's testimony because
the accomplice was allegedly led to confess by trickery, deceit,
brutality, coercion, or promises.

4. Criminal Law—Ineffective Counsel—Failure to Make Speci-
fic Motion—Appeal and Error—Scope of Review.

The failure of defense counsel to make a motion to suppress
allegedly illegally-seized evidence does not raise the issue of

References for Points in Headnotes

[1, 2] 29 Am Jur 2d, Evidence § 525 *et seq.*
Modern status of rule governing admissibility of evidence ob-
tained by unlawful search and seizure.   50 ALR2d 531.
[3] 30 Am Jur 2d, Evidence § 1148 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 319.

ineffective assistance of counsel where it is not contended that
the totality of representation was inadequate; the appellate
court will focus its review on the specific alleged error.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J.   Submitted Division 1 March
31, 1971, at Detroit.   (Docket No. 9963.)   Decided
May 26, 1971.   Leave to appeal granted and re-
manded with instructions, 385 Mich 776.

Melvin Gunn, Robert Lee Walker, and Robert
Cole were convicted of first-degree murder.   De-
fendants appeal.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Patricia J. Boyle,*
Assistant Prosecuting Attorney, for the people.

*Justin C. Ravitz,* for defendants on appeal.

Before: J. H. GILLIS, P. J., and FITZGERALD and
T. M. BURNS, JJ.

PER CURIAM.   On November 21, 1969, the defend-
ants were convicted by the trial judge sitting with-
out a jury of first-degree murder under the felony-
murder statute, MCLA § 750.316 (Stat Ann 1954
Rev § 28.548).[1]   On December 19, 1969, they were
sentenced to a term of life imprisonment.   This ap-
peal is taken as of right after an order denying a
new trial.

Defendants first contend that the trial court erred
by ruling that they waived their constitutional
rights to exclude "illegally"-seized evidence.

[1] Amended March 20, 1970, to include "larceny of any kind, ex-
tortion or kidnapping".

The general rule and the issue herein involved is as follows:

"It is a familiar procedural rule that a motion to suppress must be made, if at all, in advance of trial. A trial judge is not obliged to turn aside from the trial of a criminal case to conduct a separate hearing on admissibility in the absence of the jury, although, as a matter of discretion, he may do so. *People* v. *Ferguson* (1965), 376 Mich 90, 95. One of the questions before us is whether the refusal of the trial judge to conduct a separate hearing in this case was an abuse of his discretion." *People* v. *Smith* (1969), 19 Mich App 359, 364.

*Smith* goes on to state at page 366:

"Where the prosecutor has obtained important evidence and decides not to disclose that fact before introduction of the evidence at the time of trial and there is no reason for the defendant or his counsel to have been aware that such evidence has been taken, the defendant does all that he can constitutionally be required to do when he objects to the introduction of the evidence at the time it is offered."

In the instant case, defendants do not claim lack of knowledge of the allegedly illegally-seized evidence before trial. On the contrary, the defendants claim that counsel for defendants did have knowledge and had no legitimate reason to fail to object. The defendants contend that the failure of the trial court to allow the taking of proofs as to the allegedly illegally-seized evidence ignored the plain requirements of *People* v. *Degraffenreid* (1969), 19 Mich App 702, 715–718.

The cited portion of *Degraffenreid* (pp 715–718) reads in part:

"If the mistake is of sufficient importance, the courts, trial and appellate, may, and in some cases are obliged to, grant the defendant relief.

"The constitution does not guarantee an accused person that his lawyer will not make a big mistake * * * .

"Where the lawyer's mistake * * * may have been decisive, * * * the court may, despite failure to have preserved the error by timely objection, grant a new trial.

*     *     *

"In deciding whether to grant a new trial * * * a court applies concepts akin to those implicit in the harmless error rule balancing the public interest in avoiding purposeless retrials * * * . A new trial will not be granted unless it appears that if a new trial is ordered * * * the defendant may very well be acquitted."

It is clear, therefore, that we must examine the evidence complained of to see whether or not (1) it was erroneously admitted, and (2) its exclusion would probably have meant acquittal for the defendants.

The defendants first claim that the testimony of witnesses Owens and Carlisle was produced as a result of the illegal arrest of Gunn and an illegal search of Walker's residence.

However, in a prosecution for selling securities which had not been accepted for filing for sale by the state Corporation and Securities Commission, the trial court's refusal to strike testimony of all witnesses who testified to the purchase of such securities from defendant on the ground that identity of some of such witnesses became known only through examination of defendant's illegally seized records was not error in the absence of defendant's showing which of the witnesses were so discovered. *People*

v. *Eddy* (1957), 349 Mich 637, *cert den* 356 US 918 (78 S Ct 701, 2 L Ed 2d 713).

In *People* v. *Tucker* (1969), 19 Mich App 320, 329, this Court held that "a bare finding that the identity of witnesses was learned by illegal means is insufficient to warrant exclusion".

Defendants have not shown how the "illegal" arrest of Gunn and "illegal" search of Walker's residence produced Owen's and Carlisle's testimony.

Valerie Owen's and Lawrence Davis' statements were voluntarily given to the police after promises of leniency and help. Carl Holmes' statement was given to the police while he was in custody.

A defendant cannot object to the testimony of an accomplice because the accomplice was allegedly led to confess by trickery, deceit, brutality, coercion, or promises. See *People* v. *Bradford* (1968), 10 Mich App 696, *cert den* 394 US 1022 (89 S Ct 1638, 23 L Ed 2d 48).

No other claimed illegal evidence is mentioned by defendants except for a vague reference to "violation of numerous constitutional rights of other witnesses". Such a claim is too vague to consider.

In view of the foregoing, the trial court did not abuse its discretion in ruling that no separate evidentiary hearing would be held after trial had started.

The defendants next claim that they were denied effective assistance of counsel because of counsel's failure to make a motion to suppress.

In *Degraffenreid, supra,* p 717, this Court held:

"A claim that a constitutionally adequate lawyer made a serious mistake and that the court should relieve the client of that error focuses our attention on the mistake itself and its significance in bringing about the defendant's conviction."

The defendants do not contend that the totality of representation of defense counsel was inadequate. Rather, the claim is that fatal errors as to suppression of evidence were made at pretrial. Therefore, it is not assistance of counsel that is in issue; it is specific alleged errors that are in issue. These alleged errors were, in effect, the subject of the first issue raised in this appeal and were decided against defendants. Correspondingly, this issue is also decided against defendants.

Finally, the defendants contend that the application of the felony-murder rule of minimum mandatory sentence of natural life imprisonment (1) constitutes cruel and unusual punishment; (2) is a denial of equal protection of laws; and (3) violates evolved standards that ought to mark progress in a maturing society.

"When the judge imposes a sentence within the law, his sentence is not a cruel or unusual punishment." *People* v. *Welch* (1970), 25 Mich App 694, 695; see, also, *People* v. *Cook* (1907), 147 Mich 127, 133.

"This Court has held that a sentence within the statutory limits does not violate a defendant's right to the equal protection of the laws." *People* v. *Welch, supra;* see, also, *People* v. *O'Den* (1968), 15 Mich App 10.

The sentence here was within the statutory limits of MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). If the statute is to be changed, it must be done by the Legislature, not the courts.

The convictions in the court below are accordingly affirmed.