PEOPLE v TARR

Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Sᴇɴᴛᴇɴᴄᴇ—Assɪsᴛᴀɴᴄᴇ ᴏꜰ Cᴏᴜɴsᴇʟ.

A defendant did not have the effective assistance of counsel at sentencing and did not knowingly and understandingly waive such a right where the defendant's original attorney withdrew from the case more than a month before sentencing, there was no further communication between the defendant and any attorney before sentencing, and where, despite the presence at sentencing of an attorney who was an associate of defendant's original attorney, it was unclear whether he came to court for the purpose of representing the defendant and the defendant was unaware that this attorney was going to represent him; the fact that defendant was an immigrant to this country and had spent much of his time since immigration in prison and his remark to the court at sentencing that he was not then asking for an attorney because he was standing on his guilty plea indicated that he did not fully appreciate the role of counsel at sentencing.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 6, 1973, at Grand Rapids. (Docket No. 15123.) Decided August 29, 1973.

Laszlo B. Tarr was convicted, on his plea of guilty, of uttering and publishing a forged check. Defendant appeals. Conviction affirmed; remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

Rᴇꜰᴇʀᴇɴᴄᴇ ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇ
21 Am Jur 2d, Criminal Law §§ 313, 316, 525–530, 533.

*Judith K. Munger* and *Marshall S. Redman,* Assistant State Appellate Defenders, for defendant.

Before: Holbrook, P. J., and T. M. Burns and Churchill,* JJ.

Churchill, J. On February 2, 1972, the defendant was convicted by plea of uttering and publishing a forged check contrary to MCLA 750.249; MSA 28.446. On March 27, 1972, he was sentenced to 8-1/2 to 14 years in prison and appeals as of right.

On appeal he asserts that the different sentence provided for the offense set forth in MCLA 750.249; MSA 28.446, and that provided for in MCLA 750.253; MSA 28.450, violate the equal protection clauses of the State and Federal Constitutions.

The defendant also asserts that he could have been charged under MCLA 750.249; MSA 28.446, which carries a 14-year penalty, or under MCLA 750.253; MSA 28.450, which carries a 5-year maximum penalty, and that this discretion granted to the prosecuting attorney violates the due process and equal protection clauses of the Federal and State Constitutions.

We concur with *People v Brooks,* 43 Mich App 715; 204 NW2d 718 (1972), wherein both of these arguments were considered and rejected.

The defendant's assertion that the 14-year maximum sentence for this offense constitutes cruel and unusual punishment is completely without merit. See *People v Gunn,* 34 Mich App 106; 190 NW2d 793 (1971), and the cases cited therein.

The defendant claims that he did not have effec-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tive assistance of counsel at sentencing. *People v Dye,* 6 Mich App 217; 148 NW2d 501 (1967).

On January 13, 1972, Harold Schuitmaker signed and filed an appearance for the defendant on behalf of the law firm of Adams & Adams. Mr. Schuitmaker and the defendant signed a waiver of preliminary examination, and Mr. Schuitmaker appeared in court with the defendant when he pled guilty on February 2. On February 10, the defendant and Mr. Schuitmaker signed a document that it was mutually agreed between the defendant and Harold Schuitmaker that Harold Schuitmaker withdraw his representation as his attorney in this case and another case. This document was typed on the law firm legal paper and it was filed February 14. It does not appear that there was any further communication between the defendant, who was in continuous custody, and any attorney before the defendant was brought into court to be sentenced on March 27. The affidavit of the probation officer attached to the prosecuting attorney's brief states that Mr. Schuitmaker was vigorous in espousing the defendant's cause to the probation officer. The dates of these discussions do not appear and neither does it appear that the court was asked to approve the withdrawal.

At the time of sentencing Horace W. Adams of the firm of Adams & Adams was in the courtroom. The following facts and assertions appear from a discussion between the court, the prosecuting attorney, the defendant, and Mr. Adams. The defendant asserted that Mr. Schuitmaker quit because of the defendant's inability to pay him. This was refuted by the court, reminding the defendant that Mr. Schuitmaker was appointed counsel. The defendant then stated that he had paid a $100

retainer fee and Mr. Adams stated that no bill would be filed with the court. The defendant then told the court that when he agreed in jail to sign a withdrawal request he told Mr. Schuitmaker that he would need an attorney to represent him at sentencing. Mr. Adams then said, "He has an attorney representing him, your Honor, I am here".

The defendant then indicated that he had no further request of the court for counsel because he was standing with his guilty plea. In response to a direct question by the court the defendant agreed that the arrangement was satisfactory.

The defendant made a statement on his own behalf. Mr. Adams made a very brief statement confirming something that the defendant said. The court then sentenced the defendant.

The defendant was an immigrant to this country in 1957 and had spent much of his time since then in prison. His remark to the court that he was not then asking for an attorney because he was standing on his guilty plea indicates that he did not fully appreciate the role of counsel at sentencing.[1]

It is unclear whether Mr. Adams came to court for the purpose of representing the defendant. It is clear that the defendant was unaware that Mr. Adams was going to represent him. It also appears that there had been no private consultation of one member of the firm with the other with the defendant's permission. There had been a total breakdown in the attorney-client relationship for several weeks. Under the circumstances it is our opinion that the defendant did not have the effec-

---

[1] We commend for consideration by defense counsel the outline of duties of counsel at sentencing at Standard 5.3, Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures.

tive assistance of counsel at sentencing and did not knowingly and understandingly waive such a right.

At the time of sentencing the court informed the defendant that he was taking his prior criminal convictions into consideration, including a 1961 Monroe County Circuit Court felony conviction. The defendant attached a transcript of the 1961 arraignment and plea to his brief to demonstrate that the defendant did not then have an attorney and did not understandingly waive his right to an attorney and that the 1961 conviction was invalid. The defendant, on appeal, argues that this was improper, citing *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). We do not decide if this allegation if true requires a remand for resentencing. It is remanded for another reason herein stated. The defendant may pursue the issue in the trial court.

The matter is remanded for resentencing on defendant's affirmed conviction.

All concurred.