PEOPLE v SUMMERS

1. Appeal and Error—Trial—Failure to Object—Admission of
   Evidence.

   The failure to object in the trial court to the admission of
   evidence will generally mean that the Court of Appeals will not
   consider the propriety of its admission.

2. Appeal and Error—Constitutional Law—Trial—Failure to
   Object—Constitutional Rights—New Trial.

   The failure to object in the trial court will not prevent the Court
   of Appeals from granting a new trial where constitutional
   rights are involved and where the failure to object is of suffi-
   cient importance that it may have been decisive.

3. Criminal Law—Constitutional Law—Admission of Evidence—
   Failure to Object—Appeal and Error.

   The Court of Appeals must ask two questions where a criminal
   defendant raises, for the first time on appeal, a constitutional
   question regarding the admission of evidence: (1) was the
   evidence decisive, and (2) was the evidence erroneously admit-
   ted into evidence.

4. Arrest—Arrest Warrants—Probation Violations—Pretext Ar-
   rest—Confession.

   A defendant's confession of responsibility for a shooting, while in
   custody after his arrest for probation violation, is not the fruit
   of an illegal arrest where the arrest was pursuant to a judi-
   cially sanctioned arrest warrant for the probation violation.

5. Arrest—Police Interrogations—Right to Interrogate.

   An arrest does not confer upon the police a right to interrogate
   the suspect without the suspect's cooperation.

6. Arrest—Police Interrogations—Case Precedent.

   A defendant's claim that his arrest and subsequent questioning

References for Points in Headnotes

[1–3] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 602.
[4–6] 21 Am Jur 2d, Criminal Law § 495.
   29 Am Jur 2d, Evidence §§ 545, 546, 549, 550.

were contrary to the "spirit" of three United States Supreme Court decisions governing custodial interrogation by police is meritless where the defendant does not assert, nor does the Court of Appeals find, any violation of the letter of those decisions.

Appeal from Muskegon, Fredric A. Grimm, J. Submitted May 6, 1976, at Grand Rapids. (Docket No. 24602.) Decided August 5, 1976.

Duane Summers was convicted of involuntary manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

*Boeschenstein, Marietti, Mullally & Grimm,* for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

PER CURIAM. On February 5, 1975, the defendant was convicted by the circuit court, sitting without a jury, of involuntary manslaughter in violation of MCLA 750.321; MSA 28.553. He was sentenced to serve a term of imprisonment of from 7-1/2 to 15 years. Defendant now appeals as of right.

The record shows that on September 4, 1974, the head brakeman on a C & O freight train passing through Muskegon County was shot and killed. On September 5, 1974, defendant, who was evidently already suspected by police to be the man responsible for the shooting, was arrested by police on the authority of a probation violation warrant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

issued that date. Later, on the 5th, and the morning of the 6th, the defendant made statements which were admitted into evidence against him at trial. Neither before nor during trial did the defendant object to the use of these statements against him.

Defendant now contends that his statements were inadmissible on constitutional grounds as the product of an illegal arrest. *Wong Sun v United States,* 371 US 471, 491; 83 S Ct 407; 9 L Ed 2d 441 (1963). Ordinarily, where evidence goes unobjected to at trial this Court will not consider the propriety of its admission on appeal.

"Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

However, owing to the gravamen of the error asserted, an exception to this rule has been recognized. The rule is best set out in *People v Bukoski,* 41 Mich App 498, 500–501; 200 NW2d 373 (1972), where it was said:

"In *People v Degraffenreid,* 19 Mich App 702 [173 NW2d 317] (1969), this Court recognized that where constitutional rights are involved, the failure to object below will not prevent us from granting a new trial where such failure is of sufficient importance that it may have been decisive. In such a case, the reasons which underlie the preservation of error rule must give way to the interests of justice and the protection of constitutional rights. This is true despite the fact that a defendant's right not to have evidence obtained by illegal search and seizure used against him may be waived by his attorney. *Henry v Mississippi,* 379 US 443; 85 S Ct 564; 13 L Ed 2d 408 (1965).

"Where a defendant raises a constitutional question for the first time on appeal, we must ask two questions: (1) was the evidence decisive, and (2) was the evidence erroneously admitted into evidence. *People v Gunn,* 34 Mich App 106 [190 NW2d 793] (1971). In *Degraffenreid,* the Court found it was not necessary to determine whether the evidence was erroneously admitted since exclusion of the evidence would not have meant acquittal for the defendant."

See also *People v Character #1,* 32 Mich App 40, 43; 188 NW2d 12 (1971), *People v Dogans,* 26 Mich 411, 414; 182 NW2d 585 (1970), *People v Gunn,* 34 Mich App 106, 109; 190 NW2d 793 (1971).

The defendant's specific allegations are that the issuance and execution of an otherwise valid arrest warrant for probation violation constituted a "pretext" arrest and that subsequent questioning was "contrary to the spirit and teachings of *Massiah v United States,* 377 US 201 [84 S Ct 1199; 12 L Ed 2d 246] (1964), *Escobedo v Illinois,* 378 US 478 [84 S Ct 1758; 12 L Ed 2d 977] (1964), and *Miranda v Arizona,* 384 US 436 [86 S Ct 1602; 16 L Ed 2d 694] (1966)". We are unable to agree with the defendant that a confession should be suppressed as the fruit of an illegal arrest where the arrest of concern was of unquestioned validity, pursuant to a judicially sanctioned warrant. A pretext arrest is disfavored because arrest may bestow upon the police a right to conduct a search and seize property. But, arrest does not confer upon the officers a right to interrogate. That can be accomplished only with the defendant's consent, and many safeguards have been implemented to protect that right. Thus, if the arrest was a pretext to gain the police the right to question the defendant or to coerce a confession, it most certainly failed, as they gained no such right. There being

no prejudice to the defendant, there is no purpose in suppressing the statements.

As to the defendant's second ground, we feel that the "spirit" of *Massiah, Escobedo* and *Miranda* is conveyed in the letter thereof. He does not assert, nor do we find, any violations of the letter of those decisions. We have also examined the record of the defendant's trial and conclude that had these statements been suppressed, the testimony of his companion, alone, if believed, was adequate to justify conviction for the offense of involuntary manslaughter.

The defendant's remaining assignments of error are equally meritless. See *People v Brocato, supra,* and *People v Bukoski, supra.*

Affirmed.