PEOPLE *v.* KEEP.

1. CRIMINAL LAW—ESCAPE FROM JAIL.

Upon a prosecution for robbery, evidence that the respondent escaped from jail while serving a sentence for a misdemeanor is competent, where it appears that he was at the time under arrest for the robbery, and knew that he would be put to trial for that offense.

2. SAME—ROBBERY—EVIDENCE.

Upon a prosecution for robbery, where it appeared that stolen articles were found on respondent's premises, and that a billy belonging to him was picked up near the scene of the crime, it was proper to admit evidence that a pointed-toe shoe found concealed in respondent's barn, and which made tracks corresponding to those near the place of the robbery, fitted the respondent; it appearing that he wore such shoes at the time of the robbery, and ceased their use a short time afterwards.

Error to Kalamazoo; Buck, J.    Submitted February 1, 1900.    Decided March 6, 1900.

Milo Keep was convicted of robbery, and sentenced to imprisonment for seven years in the state prison at Jackson.    Affirmed.

*T. E. Barkworth,* for appellant.

*Sheridan F. Master,* Prosecuting Attorney, for the people.

MOORE, J.    The respondent was convicted upon an information having two counts,—one for robbery and one for larceny.    The record shows that on the 13th of August, 1897, William Duggan was living alone upon a farm.    A little after noon he had occasion to go into the house.    As he put his head inside the doorway, he was struck a severe blow upon the head.    He was severely beaten, his arm was broken, and he was robbed of upwards of $35.    When

he recovered consciousness, he went to the house of a neighbor. The alarm was given, and an effort was made to learn who his assailants were. His assailants were at least two in number. In passing through a field of corn, they left tracks indicating that one of them wore shoes having round or square toes, and the other, shoes having pointed toes.

But two assignments of error are argued. The people were allowed to show by the sheriff, without objection, that while respondent was in jail he escaped from jail. When inquiry was made as to the manner of escape, a motion was made to strike out all the testimony. The ground of the motion was not very clearly stated to the trial judge, but the overruling of the motion is now urged as error, because the respondent was serving time under a sentence for a misdemeanor, and it is said that, to make the testimony competent, the escape must relate to an attempt to avoid a trial of the offense for which the accused is on trial. The record is not very full, but it does appear from it that, at the time of the escape, respondent was under arrest for this offense, and knew, from conversations with the sheriff, that it was claimed that he was one of the persons who robbed Mr. Duggan, and would be put upon trial for the offense. Under such circumstances, the testimony was competent. Whart. Cr. Ev. (9th Ed.) § 750.

It is alleged that error was committed in allowing evidence that a shoe which was offered in evidence fitted the respondent. It is said that the evidence was too shadowy to be dignified as proof, and that its admission prejudiced the respondent. The record discloses that respondent and his father lived together alone; that, the night before the robbery, some sheets were stolen from the house of Mr. Duggan, which were found in the house occupied by respondent and his father. Near the place of the robbery, a billy was found, made out of the butt end of a whip. The other portion of the whip respondent admitted belonged to himself, and said that he had cut it off to use in a parade. It was shown on the part of the people that at

the time of the robbery, and a few days thereafter, respondent wore pointed shoes, and that shortly afterwards he ceased ' to wear them.   Prior to the trial, a pointed shoe was found concealed in the hay in a barn used by the respondent and his father.   Tracks made by this shoe corresponded in measurements to the pointed tracks found in the cornfield.   This shoe was, without objection upon his part, tried on by the respondent.   The people were allowed to show that the shoe fitted him. This is said to be error.   We think, under the proofs shown, that the testimony was entirely competent.

Judgment is affirmed.

The other Justices concurred.