PEOPLE v KRONTZ

1. SEARCHES AND SEIZURES—REASONABLE SEARCH—RIGHT OF PRIVACY.

The initial query in any search and seizure problem is whether or not there was a search and the controlling test determinative of this question is whether the police activity has violated a defendant's reasonable expectation of privacy.

2. SEARCHES AND SEIZURES—RIGHT OF PRIVACY—EVIDENCE—BOOTS.

There is no reasonable.expectation of privacy concerning a pair of boots seized as evidence at the courthouse after they were brought there from defendant's home at his request, because defendant was in jail without footwear and he had repeatedly requested officers at the jail to bring him his boots, as he wanted to wear them to the preliminary examination; the defendant's act of requesting the officers to obtain the boots clearly indicates a lack of concern over protecting any privacy in regard to the boots.

3. SEARCHES AND SEIZURES—REASONABLE SEIZURE—EVIDENCE—PLAIN VIEW.

Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.

4. SEARCHES AND SEIZURES—WITHOUT WARRANT—REASONABLE SEIZURE—EVIDENCE—PLAIN VIEW.

One element that "plain view" cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused; this serves to supplement the prior justification, whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 2.
[2–5] 68 Am Jur 2d, Searches and Seizures §§ 85, 88.
  Search and seizure: Observation of objects in "plain view"—Supreme Court cases. 29 L Ed 2d 1067.
[5] 68 Am Jur 2d, Searches and Seizures §§ 41–45.

with a search directed against the accused, and permits the seizure without a warrant.

5. SEARCHES AND SEIZURES—WITHOUT WARRANT—REASONABLE SEIZURE—PROBABLE CAUSE—EVIDENCE—BOOTS—PLAIN VIEW.

   An officer had sufficient probable cause to seize a pair of boots which he believed to be connected with a crime as incriminatory evidence observed in his plain view, where they were presented to him by a third party as a direct result of the request of the accused, they were incriminating upon their face with hair wedged between the heel and the sole of a boot and bloodstains on both of them, and the officer to whom the boots were delivered was familiar with the details of the crime as he was the investigating officer; the seizure of the boots without a warrant was reasonable in light of all the circumstances.

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted Division 2 September 11, 1973, at Lansing. (Docket No. 15915.) Decided November 2, 1973.

James P. Krontz was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James Noecker,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Thomas R. Lewis,* Director, and *James D. Hunter,* Staff Attorney, of counsel), for the people.

*Kenneth J. Olson,* for defendant on appeal.

Before: LESINSKI, C. J., and DANHOF and BASHARA, JJ.

LESINSKI, C. J. Defendant was convicted by a bench trial of assault with intent to do great bodily harm less than the crime of murder. MCLA

750.84; MSA 28.279. He was sentenced to six to ten years and appeals as of right.

The only substantial issue raised on appeal presents a search and seizure question which arose in particularly unconventional circumstances.

When defendant was arrested for assaulting his wife in their trailer park home, he was without footwear. Sheriff's officers had obtained a valid warrant to search defendant's mobile home and seized certain evidence, overlooking defendant's boots. Defendant repeatedly requested officers at the jail to bring him his boots, as he wanted to wear them to the preliminary examination.

An officer asked the defendant where the boots were and he replied that they were at his mobile home. The officer called the owner of the trailer park, told her that the defendant wanted his boots, and asked her if she would remove them from defendant's home and bring them to the Sheriff's Department.

The trailer park owner located the boots at the defendant's home, and noticing a "big gob" of hair wedged between the heel and the sole of one of the boots, took them to the courthouse instead of the Sheriff's Department. The officer at the courthouse also observed the hair and noticed what appeared to be bloodstains on the boots. He thereupon seized the boots as evidence. No warrant at this time was obtained.

The trial court denied the defendant's motion to suppress the boots and they were admitted into evidence. Two of defendant's daughters, who witnessed the assault, testified that the defendant had repeatedly "stomped" on his wife, and identified the boots as those which the defendant was wearing at the time of the assault. Expert testimony established that the blood on the boots was human

blood and the hair was "similar" to that of the victim.

Defendant contends on appeal that the boots were improperly admitted into evidence. Even though no warrant was obtained to seize the boots, to uphold the defendant's argument would be inconsistent with the provisions of US Const, Am IV, and Const 1963, art 1, § 11 of the Michigan Constitution, as interpreted by decisions of the United States and Michigan Supreme Courts.

The initial query in any search and seizure problem is whether or not there was a search. The controlling test determinative of this question is whether the police activity has violated the defendant's reasonable expectation of privacy. *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967). A defendant has a reasonable expectation of privacy in regard to the shoes he is wearing even though in custody, *People v Trudeau,* 385 Mich 276; 187 NW2d 890 (1971), and in regard to shoes lying in his closet, *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972).

However, we feel there is no reasonable expectation to privacy concerning a pair of boots which a defendant requests the police to bring to him. The defendant's act of requesting the police to obtain the boots clearly indicates a lack of concern over protecting any privacy in regard to the boots. We hold that the action of the police in requesting the trailer park owner to bring the boots to the station, and her subsequent delivery of the boots to an officer at the courthouse, did not constitute a search.

Given that there is no police activity amounting to a search, or even if the activity were to be considered a search, the next point of inquiry is whether or not the "seizure" without a warrant was reasonable under the circumstances.

As stated in *Harris v United States,* 390 US 234, 236; 88 S Ct 992, 993; 19 L Ed 2d 1067, 1069 (1968):

"It has long been settled that objects falling in the plain view of an officer *who has a right to be in the position to have that view* are subject to seizure and may be introduced in evidence." (Emphasis supplied.)

The Court in *Coolidge v New Hampshire,* 403 US 443, 466; 91 S Ct 2022, 2038; 29 L Ed 2d 564, 583 (1971), elaborated upon the plain view doctrine:

"[T]he 'plain view' doctrine has been applied where a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object. *Harris v United States,* 390 US 234 [88 S Ct 992; 19 L Ed 2d 1067 (1968)]; *Frazier v Cupp,* 394 US 731 [89 S Ct 1420; 22 L Ed 2d 684(1969)]; *Ker v California,* 374 US [23] at 43 [83 S Ct 1623 at 1635; 10 L Ed 2d 726 at 743 (1963)]; *Cf Lewis v United States,* 385 US 206 [87 S Ct 424; 17 L Ed 2d 312 (1966)].

"What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, *or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure." (Emphasis supplied.)*

In the instant case, the seizing officer clearly had a "right to be in the position to have that view", *Harris, supra;* and clearly had a "legitimate reason for being present unconnected with a search directed against the accused," *Coolidge, supra.* The boots presented to him by a third party as a direct result of the request of the accused were in his

plain view. The boots were incriminating upon their face. The officer to whom the boots were delivered was familiar with the details of the crime. Upon observing the hair and the appearance of blood obvious on the face of the boots, the officer was justified in seizing the incriminating evidence observed in his plain view.

Upholding the seizure without a warrant in this case does not conflict with the decisions of the Michigan Supreme Court in *Trudeau, supra,* and *Eddington, supra.* The rationale of the *Trudeau* case for not applying the plain view doctrine to a seizure of shoes worn by an in-custody defendant was that there was no probable cause to seize the shoes, only a mere suspicion. The seizure of the boots in this case was supported by sufficient probable cause. The officer who took the boots into police custody was the investigating officer at the scene of the crime and was thus aware that the boots belonged to a prisoner charged with assault of his wife and was aware of the circumstances of the assault. Upon seeing hair wedged into a boot and the appearance of bloodstains, there was probable cause for a man of reasonable caution to believe that the boots were connected to the crime.

The *Eddington* case, *supra,* held that seizure of shoes taken from the defendant's closet without a warrant was justified if reasonable in light of all the circumstances. In this case, the seizure of the boots was reasonable under this test. The police had already obtained a warrant to search the entire mobile home. The defendant implicitly consented to observation of the boots and waived his reasonable expectation of privacy by requesting the jail officers to bring him his boots. Once the officer observed in plain view the incriminating evidence clear from the face of the boots, he had

probable cause to seize the boots and under the plain view doctrine it was reasonable for him to seize the boots as evidence.

Defendant's contention as to the sufficiency of the evidence is without merit. As the trial court aptly observed:

"This court finds that the credible evidence and proof by the people is not only beyond a reasonable doubt, but is indeed overwhelming that the defendant specifically intended to and did commit the crime in question."

Affirmed.
All concurred.