PEOPLE v ROBINSON

1. ARREST—PROBABLE CAUSE—ARREST WITHOUT WARRANT—FACTS
   WITHIN OFFICER'S KNOWLEDGE.

   A police officer has probable cause to make a valid arrest without
   an arrest warrant where at the time of arrest the facts and
   circumstances within the officer's knowledge and of which he
   has reasonably trustworthy information is sufficient to warrant
   a prudent man in believing that the defendant has committed
   an offense.

2. CRIMINAL LAW—ARREST—INFORMANTS—PROBABLE CAUSE—RELIA-
   BILITY OF INFORMANT—UNDERLYING CIRCUMSTANCES.

   Two requirements must be met to establish probable cause for an
   arrest where the arresting officer is acting only on information
   from an informant: first, the officer should have a basis for
   finding that the informant is reliable, and second, the officer
   should be informed of some of the underlying circumstances
   from which the informant drew his conclusion.

3. CRIMINAL LAW—ARREST—SEARCHES AND SEIZURES—PROBABLE
   CAUSE—FURTIVE GESTURES.

   A furtive gesture alone is not sufficient to establish probable
   cause for an arrest or search, but where a police officer entered
   a bar known for drug traffic on an informant's tip that the
   bartender was dealing in narcotics and upon entering the
   officer saw the bartender hide a package behind the bar, the
   officer had probable cause to search the package.

Appeal from Recorders Court of Detroit, Samuel
Brezner, J. Submitted June 16, 1976, at Detroit.
(Docket No. 23295.) Decided September 27, 1976.

Richard Robinson was charged with intentional
possession of heroin. Defendant's motion to sup-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arrest §§ 26, 28.

press evidence was granted and the case dismissed. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Maura Corrigan,* Assistant Prosecuting Attorney, for the people.

*Bernstein, Rabinovitz & Smargon,* for defendant on appeal.

Before: V. J. Brennan, P. J., and N. J. Kaufman and R. H. Campbell,* JJ.

R. H. Campbell, J. The defendant, Richard Robinson, was charged with violation of the controlled substances act: knowingly and intentionally possessing heroin, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a), on November 21, 1974. The defendant moved to suppress the seized narcotics alleging the illegality of the search and seizure. The trial court agreed and dismissed the case on January 14, 1975. The people appeal from that decision.

A summary of the facts leading to the defendant's arrest is as follows: The police received a phone call from a known, and previously reliable, informant. The informant told the police officer that the bartender at the United Bar was selling heroin; that he was seen passing out manila coin-type envelopes to patrons in the bar in exchange for money. He also described the bartender in minute detail. The informer did not, however, relate the basis of his information.

The arresting officer on arrival at the bar saw

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the defendant bartender remove a brown bag from his pocket and place it under the bar when he observed the presence of the police officers. The officer then seized the bag, found that it contained what he believed to be heroin and arrested the defendant.

The arresting officer also testified that he and the other officers were known in the bar and that the bar was known for drug traffic.

The issue in this case is whether or not the police officer had probable cause to arrest the defendant and search the bag that he had concealed.

The standard for probable cause was stated as follows in *People v Wolfe,* 5 Mich App 543; 147 NW2d 447 (1967): the officers had probable cause to make a valid arrest if, at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense.

When only an informant's information is involved, two requirements must exist: first, the police officer should have a basis for finding that the informant is reliable, and second, the officer should be informed of some of the underlying circumstances from which the informant drew his conclusion. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964). In this case the basis for probable cause was not only an informant's tip but the police officer's observation of a furtive gesture by the defendant coupled with the officer's knowledge of the area.

As to the furtive gesture Michigan law is clear that a furtive gesture alone is not a sufficient basis for probable cause. *People v Pitts,* 40 Mich App

567; 199 NW2d 271 (1972), *People v Obadele,* 58 Mich App 139; 227 NW2d 258 (1975), *People v Hall,* 40 Mich App 329; 198 NW2d 762 (1972). In the *Hall* case this Court held that a furtive gesture in conjunction with the police officer's knowledge of drugs was sufficient for probable cause. In that case the police officers had stopped a van for a traffic violation. One of the officers, while shining his flashlight in the back seat, saw a clear plastic bag and bottle, and one of the defendants, in the back seat, threw his coat over the bottle. Although the officer had no reason to be suspicious of the contents of the plastic bag and bottle from the fleeting glance he got of those objects, the fact that the officer did notice those objects was sufficient to give him probable cause to believe that the defendant was attempting to hide the contents from him. The Court went on to hold that the officer did have probable cause to arrest the defendant and search the van.

In the case at bar there was suspicion on the part of the police, based on the informant's tip, that the defendant was dealing in drugs. The case therefore falls under the rule of *Hall* and the officer did have probable cause for searching the bag.

While there is no Michigan case dealing with the same facts as this case, a defective informant's tip under *Aguilar* in conjunction with a furtive gesture, a recent Colorado case, *People v Williams,* — Colo —; 541 P2d 76 (1975), held that probable cause existed under these circumstances. The facts in the *Williams* case are as follows: An informant, previously reliable, told the police officer that the defendant would be driving to a specific parking lot at a specific time and gave a complete description of the car including the license number. The informant also stated that the defendant would have several balloons of heroin with him. The

police officer verified details of the informant's tip at the parking lot and observed suspicious driving patterns of the defendant in the parking lot. The court held that the tip supplied by the reliable informant was sufficient to provide probable cause to arrest the defendant without a warrant, even though the informant did not supply underlying circumstances from which the informant concluded that criminal activity was to take place.

The Colorado court in reaching this decision put emphasis upon the fact that the informant's tip was very detailed so that it could not have been the product of a casual rumor. They also noted that all the details of the informant's tip were verified by the officer before he took any action. The court went on to hold: "We adhere to the philosophy expressed by the United States Supreme Court in *Draper v United States* [358 US 307, 313; 79 S Ct 329; 3 L Ed 2d 327 (1959)], where it said: 'In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act.' " 541 P2d at 78.

This case is similar to the Colorado case in that the informant's tip did not relate the basis of his information but was very detailed. The police did verify the details of the informant's tip and there was suspicious activity as in the Colorado case. Suspicious activity was the furtive gesture of the defendant upon seeing the police officers in the bar. Reasonable suspicion is also created by the fact that the police knew the bar was known for drug traffic.

We hold that there was probable cause for the search.

Reversed and remanded.