PEOPLE v SWEARINGTON

Docket No. 29707. Submitted January 9, 1978, at Lansing.—Decided
February 8, 1978.

Lawrence Swearington was convicted of breaking and entering
with intent to commit larceny and of first-degree criminal
sexual conduct, Macomb Circuit Court, Howard R. Carroll, J.
Defendant appeals. *Held:*

1. The defendant lacks standing to challenge the phrase "any
other intrusion" as used in the criminal sexual conduct act
because he was convicted under the more specific language of
the statute.

2. The defendant was not prejudiced where the jury was
exposed to proposed exhibits of latent fingerprints, which had
not been admitted into evidence, where a state police crime lab
technician testified that the prints could not be identified as
those of the defendant nor anyone else.

3. The prosecutor was not required to dismiss the criminal
sexual conduct charge against the defendant nor change the
charge to one of gross indecency just because there has been
no repeal of the gross indecency statute.

4. A further instruction on an element omitted in the instruc-
tions to the jury, given to the jury two hours after the jury had
commenced deliberations, did not result in reversible error. The
additional instruction was readily understandable and did not
place undue emphasis on the element, which was not a contro-
verted issue in the case.

5. The breaking and entering was an essential element of the
offense of first-degree criminal sexual conduct in the instant
case and separate convictions thereon violated double jeopardy
protections.

Conviction for breaking and entering reversed and the con-
viction for first-degree criminal sexual conduct affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 17.
[2] 21 Am Jur 2d, Criminal Law §§ 341, 369.
[3] 63 Am Jur 2d, Prosecuting Attorneys, §§ 25, 26.
[4] 21 Am Jur 2d, Criminal Law § 299.
   75 Am Jur 2d, Trial § 51.
[5] 21 Am Jur 2d, Criminal Law §§ 182, 183.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—STANDING—CRIMINAL SEX-
    UAL CONDUCT—OVERBREADTH—VAGUENESS.

    A defendant lacks standing to challenge the constitutionality of
    the criminal sexual conduct act on the grounds of overbreadth
    and vagueness where the defendant was not charged under the
    more general language which he seeks to challenge but was
    charged under the more specific language of the statute.

2. CRIMINAL LAW—EVIDENCE—FINGERPRINTS.

    A defendant was not prejudiced so that retrial is required
    where the jury was exposed to proposed exhibits of latent
    fingerprints that were not admitted into evidence and where a
    state police crime lab technician was called by the prosecutor
    and testified that the prints could not be identified as those of
    the defendant nor anyone else.

3. CRIMINAL LAW—APPLICABLE STATUTES—DISCRETION OF PROSECUTOR
    —SELECTION OF CHARGE.

    A prosecutor has broad discretion in selecting the appropriate
    charge where several statutes are arguably applicable.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENT OF OFFENSE—
    DELAYED INSTRUCTION—APPEAL AND ERROR.

    The giving of a further instruction on an element omitted in the
    original instructions to a jury two hours after the jury had
    commenced deliberations was not reversible error where the
    instruction was readily understandable and did not place undue
    emphasis on the element, which was not, in any event, a
    controverted issue in the case.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—BREAK-
    ING AND ENTERING—FIRST-DEGREE CRIMINAL SEXUAL CONDUCT.

    Separate convictions for breaking and entering with intent to
    commit a felony and for first-degree criminal sexual conduct
    violate guarantees against double jeopardy where the breaking
    and entering is an essential element of the first-degree criminal
    sexual conduct.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Don L. Milbourn,* Chief Ap-
pellate Lawyer, and *Alice F. Sage,* Assistant Prose-
cuting Attorney, for the people.

*Frank L. McNelis,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. Boyle,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering with intent to commit a larceny, MCL 750.110; MSA 28.305, and first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1), and appeals.

Defendant first argues that the criminal sexual conduct act is unconstitutional on the grounds of overbreadth and vagueness. We need go no further than to note that defendant lacks standing to raise a constitutional challenge to the language of MCL 750.520a(h); MSA 28.788(1)(h). Defendant was not charged with "any other intrusion"; rather, the evidence at trial showed that defendant had required the complainant to perform an act of fellatio. Since defendant's conviction rests on the more specific language of the statute, he lacks standing to challenge the more general language on vagueness or overbreadth grounds. See *People v Thompson,* 76 Mich App 705, 710; 257 NW2d 268, 271 (1977), *State ex rel Wayne County Prosecuting Attorney v Bernstein,* 57 Mich App 204, 207; 226 NW2d 56, 58 (1974), *lv granted,* 393 Mich 793 (1975).

Defendant next argues that he was prejudiced by having the jury exposed to proposed exhibits of latent fingerprints that were not admitted into evidence. Ultimately, a state police crime lab technician was called by the prosecutor and testified that the prints could not be identified as those of defendant nor anyone else because of the lack of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adequate ridge structure. In light of this testimony, we do not find that defendant was prejudiced such that retrial is required. *People v Hunt,* 77 Mich App 590, 596–597; 259 NW2d 147, 150 (1977), *People v Miller,* 28 Mich App 161, 165; 184 NW2d 286, 288 (1970), *lv den,* 384 Mich 826 (1971).

Defendant next argues that the absence of repeal of the gross indecency statute, MCL 750.338b; MSA 28.570(2), somehow entitles him to dismissal of the criminal sexual conduct charge or substitution of the gross indecency charge. Defendant fails, however, to raise a valid constitutional challenge to the criminal sexual conduct act. The prosecutor has broad discretion in selecting the appropriate charge where several statutes are arguably applicable. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693, 698 (1972).

Defendant next argues that reversible error was committed when the trial judge gave a further instruction on an element omitted in the original instructions to the jury two hours after the jury had commenced deliberation. The instruction was readily understandable, and did not place undue emphasis on the element, which was not, in any event, a controverted issue in the case.

The breaking and entering was an essential element of the offense of first-degree criminal sexual conduct in the instant case. Separate conviction thereon violated double jeopardy protections. See *Harris v Oklahoma,* 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977), *People v Martin,* 398 Mich 303, 309; 247 NW2d 303, 305 (1976). Thus we reverse the conviction for breaking and entering and affirm the conviction for first-degree criminal sexual conduct.

Affirmed in part, reversed in part.