## PEOPLE v FLORES

Docket No. 78-934. Submitted June 14, 1979, at Lansing.—Decided
August 21, 1979. Leave to appeal denied, 407 Mich 932.

Arthur Flores was convicted both of breaking and entering an
occupied dwelling with intent to commit criminal sexual con-
duct in the first degree and of first-degree criminal sexual
conduct where the sexual penetration was accomplished by use
of force or coercion causing personal injury to the victim,
Oakland Circuit Court, John N. O'Brien, J. The defendant
appeals, by leave granted, alleging that 1) his arrest without
warrant was without probable cause and, thus, all evidence
admitted at trial flowed from the illegal arrest and should be
suppressed, 2) the trial court erred in admitting the testimony
of the complainant's 13-year-old neighbor regarding the youth's
discovery of footprints in the snow which led from the com-
plainant's home to the house in which the defendant was
found, and 3) the convictions both of breaking and entering an
occupied dwelling with intent to commit first-degree criminal
sexual conduct and of criminal sexual conduct in the first
degree arising out of the same transaction constitute double
jeopardy. *Held:*

1. At the time of the arrest of the defendant the arresting
officers had sufficient probable cause to effect the arrest without
a warrant. Since the arrest without a warrant was valid,
evidence seized incident to that arrest was properly obtained
and was admissible into evidence at the subsequent trial.

2. The evidence regarding the footprints in the snow was

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 425, 426.
   5 Am Jur 2d, Appeal and Error § 776.
[2] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*
[4] 13 Am Jur 2d, Burglary § 50.
   Breaking and entering of inner door of building as burglary. 43
   ALR3d 1147.
[5] 21 Am Jur 2d, Criminal Law § 188.
   Double jeopardy under statutes relating to sexual psychopaths. 24
   ALR2d 354.

both logically and legally relevant. The trial judge did not abuse his discretion in ruling on the relevancy and admissibility of the evidence.

3. The offense of breaking and entering an occupied dwelling with the intent to commit first-degree criminal sexual conduct was shown once the prosecution established 1) the breaking and entering of 2) an occupied dwelling with 3) felonious intent. The subsequent commission of first-degree criminal sexual conduct where the sexual penetration was accomplished by use of force or coercion causing personal injury to the victim was another offense that was factually and legally independent of the breaking and entering offense. There was no double jeopardy.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE — APPEAL AND ERROR — MOTIONS — TIMELINESS.

Failure to make a timely motion to suppress evidence precludes consideration on appeal of alleged error in the admission of the evidence where 1) the evidence complained of was merely cumulative, 2) exclusion of the evidence would not have meant acquittal and 3) other evidence of guilt was overwhelming.

2. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — CONSTITUTIONAL LAW — ADMISSIBILITY OF EVIDENCE.

The Court of Appeals must determine whether evidence which a defendant alleges was erroneously admitted was decisive to the outcome of the case where the defendant raises, for the first time on appeal, a constitutional question regarding the propriety of the search by which the evidence was obtained; the defendant may be allowed to raise the issue on appeal where the challenged evidence was totally decisive of the defendant's conviction.

3. EVIDENCE — RELEVANCY — TRIAL JUDGE — DISCRETION — APPEAL AND ERROR.

A trial judge has the discretion of ruling on the relevancy of evidence and a decision made in the exercise of that discretion should not be reversed unless it is clearly erroneous and indicates an abuse of discretion.

4. CRIMINAL LAW — BREAKING AND ENTERING — ELEMENTS — COMPLETED OFFENSE.

The elements of the crime of breaking and entering with intent to commit a felony are 1) a breaking and entering of 2) an occupied dwelling with 3) felonious intent; the completed crime

of breaking and entering with intent to commit a felony is shown when the above elements are established, regardless of whether there was a completed felony or even an attempt to complete a felony.

5. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — BREAKING AND ENTERING — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — USE OF FORCE.

A defendant may be convicted of both the crimes of breaking and entering an occupied dwelling with intent to commit the felony of criminal sexual conduct in the first degree and of first-degree criminal sexual conduct where sexual penetration is accomplished by use of force or coercion causing personal injury to the victim, arising out of one transaction, without there being any violation of the constitutional guarantees against double jeopardy because the two offenses are factually and legally independent of one another.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Hatchett, Dewalt, Hatchett, Mitchell & Morgan,* for defendant on appeal.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering an occupied dwelling with intent to commit criminal sexual conduct in the first degree contrary to MCL 750.110; MSA 28.305 and first-degree criminal sexual conduct where sexual penetration is accomplished by use of force or coercion causing personal injury to the victim contrary to MCL 750.520b(1)(f); MSA

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

28.788(2)(1)(f). Defendant was sentenced to concurrent terms of 10 to 15 years and 15 to 25 years imprisonment, respectively, and is before this Court by leave granted.

Defendant raises three issues on appeal.

First, defendant claims that his warrantless arrest, shortly after the complainant reported the rape and breaking and entering, was without probable cause and that all evidence admitted at trial flowed from the illegal arrest and should have been suppressed. Review of the record reveals that no objection was made in the form of a motion to suppress evidence obtained as a result of an allegedly illegal arrest. Generally, error cannot be claimed unless the motion is timely made in the court below. *People v Ferguson,* 376 Mich 90; 135 NW2d 357 (1965), *People v Blassingame,* 59 Mich App 327, 332-333; 229 NW2d 438 (1975). However where a defendant "raises a constitutional question for the first time on appeal, the Court must determine if the allegedly erroneously admitted evidence was decisive to the outcome of the case". *People v Merchant,* 86 Mich App 355, 358; 272 NW2d 656 (1978), *People v Blassingame, supra.* Before we determine whether the complained of evidence was decisive, *i.e.,* its exclusion probably would have meant acquittal for the defendant, it is necessary to ask whether the evidence was erroneously admitted into evidence in the first instance. *People v Summers,* 70 Mich App 584, 586-587; 246 NW2d 152 (1976), *People v Blassingame, supra.* We find that it was not.

Review of the full record convinces us that the arresting officers were provided with sufficient probable cause to effect defendant's warrantless arrest. The testimony of the arresting officers indicates that they had received reasonably trustwor-

thy information from the complainant regarding her assailant's height, build, hair, accent, and the clothes he wore. Furthermore, the officers had been advised that a neighbor had detected footprints in the snow from the victim's home across the street to a house a short distance away where defendant was found. This information, combined with the officers' initial interview with the defendant, is sufficient to warrant a prudent person in believing that the defendant had committed a felony offense. MCL 764.15(d); MSA 28.874(d), *People v Robinson,* 71 Mich App 287; 248 NW2d 237 (1976), *People v Langston,* 57 Mich App 666, 671-673; 226 NW2d 686 (1975). Since the warrantless arrest was valid, evidence seized incident to that arrest was properly obtained and, hence, admissible into evidence at the subsequent trial. *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973), *People v Krontz,* 50 Mich App 495; 213 NW2d 593 (1973).

Second, defendant claims that the trial court erred in admitting, over his objection on grounds of relevancy, the testimony of the complainant's 13-year-old neighbor regarding his discovery of footprints in the snow which led from the complainant's home to the house in which the defendant was found. Contrary to defendant's assertion we hold that the evidence was both logically and legally relevant. *People v Nichols,* 341 Mich 311, 331; 67 NW2d 230 (1954), *People v DerMartzex,* 390 Mich 410, 415; 213 NW2d 97 (1973), MRE 401, 403.

The trial judge enjoys the discretion of ruling on the admissibility of evidence on the basis of relevancy. *People v DerMartzex, supra, People v Utter,* 217 Mich 74; 185 NW 830 (1921). That decision will not be reversed unless it is clearly erroneous

and indicates an abuse of discretion. *People v Ranes,* 63 Mich App 498; 234 NW2d 673 (1975). The trial judge determined that the jury could properly infer from the footprints the presence of the maker at the time of the criminal act. And although the prosecutor was unable to identify the footprints as being those of the defendant (2 Wigmore, Evidence [3d ed]) this factor was properly determined to be a matter of weight for the trier of fact, and not of law, *People v Abdalla,* 70 Mich App 697, 701; 247 NW2d 332 (1976), and see *People v Keep,* 123 Mich 231; 81 NW 1097 (1900), notwithstanding the nonexpertise of the witness regarding the identification or tracking of footprints. 3 Wharton's Criminal Evidence (13th ed), § 610, p 179. As such, the trial court did not abuse its discretion in admitting the challenged testimony. *People v Abdalla, supra, People v Keep, supra.* See also, Anno: *Footprints as evidence,* 31 ALR 204, Anno: *Footprints as evidence,* 35 ALR2d 856, 29 Am Jur 2d, Evidence, § 377, p 427, 32 CJS, Evidence, § 546(9), (24), (59), 1 Wharton's Criminal Evidence (13th ed), § 193, p 394.

Finally, defendant claims that his conviction for breaking and entering an occupied dwelling with intent to commit first-degree criminal sexual conduct is constitutionally prohibited because the double jeopardy clauses of the United States and Michigan constitutions forbid double punishment where the acts of breaking and entering and first-degree criminal sexual conduct arose out of the same transaction. In short, defendant contends that the prosecution proved, at best, that there was but a single intent by the complainant's assailant, and that was to have sexual intercourse with the complainant. Since the breaking and entering was an essential element of the offense of

the first-degree criminal sexual conduct, defendant contends that separate convictions violate the double jeopardy clause on authority of *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978). We disagree.

In *People v Swearington, supra,* the defendant was convicted of breaking and entering with intent to commit larceny, contrary to MCL 750.110; MSA 28.305, and first-degree criminal sexual conduct, contrary to MCL 750.520b(1); MSA 28.788(2)(1). While it is not clear from the face of the opinion what aggravating circumstance resulted in bringing a charge of first-degree criminal sexual conduct against the defendant, as opposed to a charge of merely third-degree criminal sexual conduct MCL 750.520d; MSA 28.788(4), we have examined the record in *Swearington* and have determined that the defendant in that case had been charged with the offense of engaging

"in sexual penetration with another person, * * * under circumstances involving the commission of another felony, to wit: breaking and entering an occupied dwelling with intent to commit a larceny therein, contrary to MSA 28.788(2)(1)(c)."

Upon conviction of both the breaking and entering and the criminal sexual conduct charges, the defendant appealed to this Court which reversed the conviction for breaking and entering on the grounds that the breaking and entering was an essential element of the first-degree criminal sexual conduct conviction in violation of the double jeopardy clause of the Federal and state constitutions.

The instant case is clearly distinguishable from *Swearington.* In the case at bar, the defendant was charged with breaking and entering with intent to

commit a felony, to wit: criminal sexual conduct in the first degree. The elements of that crime include (1) the breaking and entering of (2) an occupied dwelling with (3) felonious intent. *People v Benevides,* 71 Mich App 168; 247 NW2d 341 (1976), *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972). The record clearly reflects, and the defendant does not dispute, that each of these elements was properly established by the prosecution. As such, the criminal breaking and entering was completed regardless of whether the defendant was guilty of, or even attempted to complete, the felony *(e.g.* larceny, murder, arson, or criminal sexual conduct) which he allegedly intended to commit by his breaking and entering. *People v Matuja,* 77 Mich App 291; 258 NW2d 79 (1977).

In the case at bar the defendant was also charged with criminal sexual conduct in the first degree because he caused personal injury to the victim, and force or coercion was used to accomplish sexual penetration. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). The basis of this first-degree criminal sexual conduct charge is materially different from the basis of the first-degree criminal sexual conduct charge in *Swearington.* That is, under the facts presented, the defendant was charged with criminal sexual conduct in the first degree because he used force and coercion to penetrate the complainant and because he caused her personal injury in so doing. Under the factual situation in the instant case, the defendant could have been charged with and convicted of first-degree criminal sexual conduct regardless of whether he committed another felony, *e.g.,* breaking and entering with intent to commit a felony. In essence, defendant in the case at bar was charged and tried for acts which constituted two separate crimes, *People*

*v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977).
While the perpetration of the criminal act arose
out of the same transaction for purposes of prose-
cution, conviction and sentencing, *People v White,*
390 Mich 245; 212 NW2d 222 (1973), the crimes
share no common elements. *People v Martin,* 398
Mich 303; 247 NW2d 303 (1976), *People v Stewart*
(On Rehearing), 400 Mich 540; 256 NW2d 31
(1977), *Wayne County Prosecutor v Recorder's
Court Judge,* 406 Mich 374; 280 NW2d 793 (1979),
*People v Anderson,* 62 Mich App 475; 233 NW2d
620 (1975).

In contrast, the defendant's conviction of first-
degree criminal sexual conduct in *Swearington*
was *based upon* his guilt for breaking and enter-
ing. The trier of fact necessarily found him guilty
of the latter offense in order to convict him of the
former. *People v Anderson,* 83 Mich App 744, 749;
269 NW2d 288 (1978). In essence, defendant's crim-
inal sexual conduct in *Swearington* was punished
as a first-degree criminal sexual conduct because
sexual penetration occurred during the commis-
sion of another felony. As in cases where the trial
court is required on the basis of double jeopardy to
vacate the underlying felony where the defendant
is convicted of first-degree murder under the fel-
ony-murder doctrine, MCL 750.316; MSA 28.548,
so too, in *Swearington,* was this Court compelled
to vacate the defendant's breaking and entering
conviction where it was used to convict the defen-
dant of first-degree criminal sexual conduct under
the "felony-rape" doctrine, MCL 750.520b(1)(c);
MSA 28.788(2)(1)(c). *Cf. People v Adnerson, supra.*
However, where defendant is convicted and pun-
ished for two distinct criminal acts, factually and
legally independent of one another, the double

jeopardy clause does not require that one of the convictions be vacated, despite the fact that they arose out of the same transaction.

Affirmed.