429 So.2d 252 (1983)
Ronnie Edward SMITH
v.
STATE of Mississippi.
No. 53507.
Supreme Court of Mississippi.
March 16, 1983.
Rehearing Denied April 13, 1983.
Banks & Nichols, Isaac K. Byrd, Jr., Owens & Byrd, Jackson, for appellant.
Bill Allain, Atty. Gen., by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, BOWLING and PRATHER, JJ.
*253 BOWLING, Justice, for the Court:
Appellant Ronnie Edward Smith was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County for the crime of burglary. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections.
There are a number of assignments of error, all of which we have carefully studied and considered. We find, however, that only one serious issue is raised and it needs a detailed discussion.
Prior to the indictment in the case sub judice, appellant was indicted, tried and convicted of the crime of rape. [Smith v. State, 405 So.2d 95 (Miss. 1981)]. He was sentenced to serve a term of thirty years as a result of that conviction. The prior conviction for rape and the conviction for burglary, under the present appeal, arose out of the same general set of facts that occurred on June 12, 1980, at approximately 1 o'clock a.m. The state's testimony was that appellant entered the bathroom window of a home in Jackson, Mississippi, armed with a pistol. There is some contradiction as to what occurred afterwards. The proof in both cases is that the rape prosecutrix, her father and another grown male were in the home; that the appellant bound the two men; and thereafter a rape was committed on the young female occupant of the home.
On the prior conviction of rape, the indictment was under the provisions of Mississippi Code Annotated, Section 97-3-65(2) (Supp. 1982), which reads as follows:
(2) Every person who shall forcibly ravish any female of the age of twelve (12) years or upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve (12) years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine.
Under the latter conviction for burglary, the indictment was pursuant to MCA § 97-17-23 (1972), which reads as follows:
Every person who shall be convicted of breaking and entering, in the night, the dwelling house of another, armed with a deadly weapon, in which there shall be at the time some human being, with intent to commit some crime therein, shall be punished by imprisonment in the penitentiary not more than twenty-five years.
The indictment in the present case charged that appellant
"while then and there armed with a deadly weapon in said District, County and State on the 12 day of June, A.D., 1980, did then and there, unlawfully, wilfully, feloniously and burglariously, break and enter, in the night, the occupied dwelling house of Dave Williams, Melissa Darnell Williams being then and there in said dwelling house, with then and there the felonious intent of him, the said Ronnie Edward Smith, to then and there unlawfully, wilfully, and feloniously commit the crime of rape on Melissa Darnell Williams."
Appellant contends that his trial and conviction under the burglary charge in the case sub judice exposed him to double jeopardy under the United States and Mississippi Constitutions.
We have thoroughly researched this question presented under the facts, evidence and indictments resulting in appellant's convictions and are forced to the conclusion that the state was legally and constitutionally justified in indicting, trying and convicting appellant under both the rape charge and the burglary charge.
The bellwether case applicable to the question before us in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931). In that case the charges grew out of an essentially same set of facts that resulted in multiple indictments and convictions *254 regarding the sale of narcotics. The court, through Mr. Justice Sutherland, set out the primary principle involved in problems such as that now before us. There it was stated:
Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statute provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 55 L.Ed. 489, 490, 31 S.Ct. 421, and authorities cited. In that case this Court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Com., 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
(284 U.S. at 304, 52 S.Ct. 182, 76 L.Ed. 309.)
In the recent case of United States v. Cowart, 595 F.2d 1023 (5th Cir.1979), the Fifth Circuit Court reiterated the rule in Blockburger and stated:
To determine whether defendant was subject to multiple punishment for the same offense, we look to the leading case of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the Supreme Court of the United States formulated the applicable standard.
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
(citations omitted).
This standard frequently has been referred to as the "same evidence" test; however, the Blockburger test looks not to the evidence adduced at trial but focuses on the elements of the offense charged. Brown v. Ohio, 432 U.S. [161] at 166, 97 S.Ct. [2221] at 2225 [53 L.Ed.2d 187 (1977)] (Blockburger test emphasizes the elements of the two crimes); Iannelli v. United States, 420 U.S. 770, 785, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975), ("If each [offense] requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."); United States v. Dunbar, 591 F.2d 1190, 1193 (5th Cir.1979) ("Application of the [Blockburger] test focuses on the statutory elements of the offenses charged.") An examination of the elements of the respective offenses of "conspiracy" and "aiding and abetting" demonstrates that Cowart was convicted of two, separate and distinguishable offenses. (595 F.2d at 1029-1030).
We do not like to belabor opinions by mainly quoting from opinions of this Court and other jurisdictions, but we believe it is proper here to explain clearly the point of law involved, particularly, when it easily could be misunderstood, as in the case at bar. The Alabama Court of Criminal Appeals had this question before it in Beckley v. State, 357 So.2d 1022 (Ala.Cr.App. 1978). There the charges were burglary and rape connected with the same incident. The burglary statute there is similar to the Mississippi statute, quoted above, and requires the following elements:
(1) A breaking and entering, (2) in the nighttime, (3) of a dwelling house presently occupied, (4) with the intent to steal or to commit a felony. Title 15, Section 85 Code of Alabama 1940, Recompiled 1958.
The Alabama Court in discussing whether or not the prior conviction of rape growing out of the same incident barred a subsequent charge and conviction stated as follows:

*255 Though there has been considerable difficulty in this state as well as others in determining when offenses are identical for purposes of barring a subsequent prosecution, it is clear that under the test enunciated in Colston [v. State, Ala., 350 So.2d 337 (1977)], burglary, even where the intent be to commit rape, and rape are separate and distinct offenses. The fact that one has been in jeopardy for one act is not bar to a prosecution for a separate and distinct act, though the other act is so closely connected in point of time that it is impossible to separate the evidence relating to either on the first trial. Gunter v. State, 111 Ala. 23, 20 So. 632 (1895). The guaranty of the constitution does not extend to several prosecutions for several offenses, but to repeated prosecutions for the same offense. Gordon v. State, 71 Ala. 315, 317 (1882).
"To define the crimes is to demonstrate that they are two separate and distinct criminal offenses. The prosecution of one is, therefore, not barred by the prosecution of the other. In fact, these two offenses do not arise out of the same criminal act, for the burglary was completed upon the breaking and entering with the required intent, and the rape took place thereafter." Vincent v. State, Del. Supr., 256 A.2d 268, 271 (1969).
Recently, this Court held:
"Burglary being an offense against property, and rape being an offense against person, we hold that they are separate and distinct offenses, and are completely unrelated. A conviction of one is no defense to the other. (citations omitted).
(357 So.2d at 1024).
The Supreme Court of North Carolina in the recent case of State v. Revelle, 301 N.C. 153, 270 S.E.2d 476 (N.C. 1980), in a set of facts similar to that confronting us here, held the accused was not constitutionally barred from being convicted of larceny, rape, burglary and armed robbery, saying:
By his sixth assignment of error, defendant argues that the trial court violated his right to be free from double jeopardy when it convicted him of felonious larceny, armed robbery, burglary and rape, all arising out of the same series of events. Article I, Section 10 of the North Carolina Constitution and the Fifth Amendment to the United States Constitution bestow on every person the right not to be placed in double jeopardy. A person's right to be free from double jeopardy is violated not only when one is tried for and convicted of offenses which are in law and fact identical, but also when one is charged and convicted of two offenses, one of which is a lesser included offense of the other where both offenses arose out of the same series of events. State v. Shook, [293 N.C. 315, 237 S.E.2d 843 (1977)], supra; State v. Hill, [287 N.C. 207, 214 S.E.2d 67 (1975)], supra; State v. Birkhead, 256 N.C. 494, 124 S.E.2d 838, 6 A.L.R.2d 888 (1962). See also Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, (1977). One offense is a lesser included offense of a more serious offense if all the essential elements of the lesser offense are also essential elements of the greater offense; and therefore proof sufficient to support a conviction on the more serious offense would also support conviction on the lesser offense. * * * State v. Richardson, 279 N.C. 621, 185 S.E.2d 102 (1971); State v. Barefoot, 241 N.C. 650, 86 S.E.2d 424 (1955).
We hold that defendant's conviction of felonious larceny, armed robbery, burglary and rape out of the same series of events does not place defendant in double jeopardy. The four offenses are legally separate, distinct crimes and no one of the offenses is a lesser included offense of the other. First degree rape, defined in G.S. 14-27.2, plainly requires proof of elements not included in the other offenses. The constituent elements of first degree burglary are "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or room used as a sleeping apartment (5) which is actually occupied at the time of the offense, (6) with the intent to commit a felony therein." *256 State v. Wells, 290 N.C. [485] at 496, 226 S.E.2d [325] at 332; State v. Davis, 282 N.C. 107, 191 S.E.2d 664 (1972); G.S. 14-51. Larceny is defined at common law as "the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use." State v. McCrary, 263 N.C. 490, 492, 139 S.E.2d 739, 740 (1965). G.S. 14-72 provides that the larceny of property having a value of more than $400.00 is deemed a felony. Armed robbery is defined in G.S. 14-87(a), as the taking of personal property from another, from his person or in his presence, without his consent and by endangering or threatening his life with a firearm or other dangerous weapon. Each of these offenses clearly requires the proof of at least one essential element not embodied in any of the other three offenses at issue.
(270 S.E.2d at 481-482).
The Michigan Court of Appeals in a recent discussion of the question before us in the case of People v. Flores, 92 Mich. App. 130, 284 N.W.2d 510 (Mich. App., 1979), discussed the issues involved as follows:
Finally, defendant claims that his conviction for breaking and entering an occupied dwelling with intent to commit first-degree criminal sexual conduct is constitutionally prohibited because the double jeopardy clause of the United States and Michigan constitutions forbid double punishment where the acts of breaking and entering and first-degree criminal sexual conduct arose out of the same transaction. In short, defendant contends that the prosecution proved, at best, that there was but a single intent by the complainant's assailant, and that was to have sexual intercourse with the complainant. Since the breaking and entering was an essential element of the offense of the first-degree criminal sexual conduct, defendant contends that separate convictions violate the double jeopardy clause on authority of People v. Swearington, 84 Mich. App. 372, 269 N.W.2d 467 (1978). We disagree.
In People v. Swearington, supra, the defendant was convicted of breaking and entering with intent to commit larceny, contrary to M.C.L. § 750.110; M.S.A. § 28.305, and first-degree criminal sexual conduct, contrary to M.C.L. § 750.520 b(1); M.S.A. § 28.788(2)(1). While it is not clear from the face of the opinion what aggravating circumstance resulted in bringing a charge of first-degree criminal sexual conduct against the defendant, as opposed to a charge of merely third-degree criminal sexual conduct, M.C.L. 750.520d; M.S.A. § 28-788(4), we have examined the record in Swearington, and have determined that the defendant in that case had been charged with the offense of engaging
"in sexual penetration with another person, * * * under circumstances involving the commission of another felony to-wit: breaking and entering an occupied dwelling with intent to commit a larceny therein, contrary to M.S.A. 28.788(2)(1)(c)."
Upon conviction of both the breaking and entering and the criminal sexual conduct charges, the defendant appealed to this Court which reversed the conviction for breaking and entering on the grounds that the breaking and entering was an essential element of the first-degree criminal sexual conduct conviction in violation of the double jeopardy clause of the Federal and state constitutions.
The instant case is clearly distinguishable from Swearington. In the case at bar, the defendant was charged with breaking and entering with intent to commit a felony, to-wit: criminal sexual conduct in the first degree. The elements of that crime include (1) the breaking and entering of (2) an occupied dwelling with (3) felonious intent. People v. Benevides, 71 Mich. App. 168, 247 N.W.2d 341 (1976). People v. D'Argis, 44 Mich. App. 186, 205 N.W.2d 19 (1972). The record clearly reflects, and the defendant does not dispute, that each of these elements was properly established by the prosecution. As such, the criminal breaking *257 and entering was completed regardless of whether the defendant was guilty of, or even attempted to complete the felony (e.g. Larceny, murder, arson or criminal sexual conduct) which he allegedly intended to commit by his breaking and entering. People v. Matuja, 77 Mich. App. 291, 258 N.W.2d 79 (1977).
In the case at bar the defendant was also charged with criminal sexual conduct in the first degree because he caused personal injury to the victim, and force or coercion was used to accomplish sexual penetration. (citations omitted). The basis of this first-degree criminal sexual conduct charge is materially different from the basis of the first-degree criminal sexual conduct charge in Swearington. That is, under the facts presented, the defendant was charged with criminal sexual conduct in the first degree because he used force and coercion to penetrate the complainant and because he caused her personal injury in so doing. Under the factual situation in the instant case, the defendant could have been charged with and convicted of first-degree criminal sexual conduct regardless of whether he committed another felony, e.g. breaking and entering with intent to commit a felony. In essence, defendant in the case at bar was charged and tried for acts which constituted two separate crimes. People v. Scotts, 80 Mich. App. 1, 263 N.W.2d 272 (1977). While the perpetration of the criminal act arose out of the same transaction for purposes of prosecution, conviction and sentencing, (citations omitted) the crimes share no common element.
In contrast, the defendant's conviction of first-degree criminal sexual conduct in Swearington was based upon his guilt for breaking and entering. The trier of fact necessarily found him guilty of the latter offense in order to convict him of the former. People v. Anderson, 83 Mich. App. 744, 749, 269 N.W.2d 288 (1978). In essence, defendant's criminal sexual conduct in Swearington, was punished as a first-degree criminal sexual conduct because sexual penetration occurred during the commission of another felony. As in cases where the trial court is required on the basis of double jeopardy to vacate the underlying felony where the defendant is convicted of first-degree murder under the felony-murder doctrine, (citations omitted), so too, in Swearington, was this Court compelled to vacate the defendant's breaking and entering conviction where it was used to convict the defendant of first-degree criminal sexual conduct under the "felony-rape" doctrine. (citations omitted). However, where defendant is convicted and punished for two distinct criminal acts, factually and legally independent of one another, the double jeopardy clause does not require that one of the convictions be vacated, despite the fact that they arose out of the same transaction.
(284 N.W.2d at 514-516).
Applying the principles in the above discussed cases and examining the burglary and rape statutes under which appellant was convicted in separate trials, we find that the essential elements of the criminal charges in each statute are entirely different. As stated in Blockburger, supra, "each of the offenses created required proof of a different element." Although most of the testimony in both trials was essentially the same, this testimony was admissible under the res gestae rule. An examination of the rape conviction reveals that appellant here did not testify; whereas, he testified in the present burglary trial. It is inescapable that when appellant, as found by the jury, broke and entered the dwelling, during the nighttime, armed with a deadly weapon, with the intent to commit a crime, he had concluded the statutory requirements under the burglary charge. We hold that a conviction under this charge was not constitutionally prohibited under the double jeopardy provisions of the Constitutions.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., BROOM, P.J., and ROBERTSON, J., specially concur.
*258 ROBERTSON, Justice, specially concurring:
I concur in the result reached in this case and in the opinion of Justice Bowling en route. I realize, however, that one unfamiliar with the last several decades worth of double jeopardy decisions, both in this Court and in the Supreme Court of the United States, may well perceive an inconsistency between this case and the Percy Lee Sanders case also released this day. 429 So.2d 245. To emphasize that each case and each opinion faithfully adhere to established precedent, I write briefly.
Ronnie Edward Smith was indicted and tried for the crime of rape arising out of an occurrence on June 12, 1980, and was thereafter indicted and tried on a charge of burglary arising out of the same general facts and circumstances. Percy Lee Sanders was indicted and tried on a charge of rape arising out of an occurrence on December 28, 1980, and was thereafter indicted and tried on a charge of burglary arising out of the same facts and circumstances. In this sense, the cases seem legally identical.
The outcome determinative distinction between the two cases, however, is that Smith, in his first trial where the charge was rape, was convicted. On the other hand, Sanders, in his first trial on a charge of rape, was found not guilty.
In this setting, on the authority of a long line of cases beginning with Blockburger v. United States, 287 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931), and culminating with this Court's decision in Hughes v. State, 401 So.2d 1100 (Miss. 1981), Smith's double jeopardy plea has been correctly rejected. Suffice it to say that, by virtue of Smith's conviction at his first trial, there is no way one can say that he entered his second trial armed with a jury finding that "he was not there".
Conversely, as explained in my opinion in the Sanders case, Percy Lee Sanders did enter his burglary trial armed with such a negative jury finding regarding his presence on the scene on the occasion in question. In that context, under the authority of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and State v. Clements, 383 So.2d 818 (Miss. 1980), this Court was and is bound to reverse.
If in the Sanders case the first jury had returned a guilty verdict, Sanders upon his subsequent conviction on the charge of burglary would have found himself in the same situation as was faced by Ronnie Edward Smith and in the Hughes case. Beyond that, if in Sanders the defense had argued two or more theories to the jury  theories not necessarily logically inconsistent but nevertheless alternative  so that there would be no rational way of ascertaining just what was in the jury's collective mind when it voted to acquit Sanders on the charge of rape, he would likewise not have been entitled to relief here under Ashe v. Swenson, supra.
By the same token, if Ronnie Edward Smith had been acquitted at his rape trial and if at that trial he had presented to the jury a single theory of defense, e.g., that someone else was the villain, under such circumstances that a rational interpretation of the jury's verdict of not guilty on the rape charge necessarily included a finding that Smith had not broken and entered into the victim's home, the result would be different in the Smith case.
I realize that all of this may be so much judicial legerdemain to the layman. The common sense of the matter, of course, is that Sanders and Smith either were, or were not, in jeopardy at their rape trials, and whether the juries returned guilty or not guilty verdicts should be determinative of nothing. Suffice it to say that I have expressed my unhappiness with the importation of the doctrine of collateral estoppel into criminal cases, although on slightly different grounds. See Section II(C)(5) of my opinion in the Sanders case.
If the results in the two cases seem in conflict, I merely ask the reader to be content with the knowledge that the result in this case is the product of a faithful application of the Blockburger-Hughes line of cases, while the result in the Sanders case is *259 the product of a faithful application of the Ashe-Clements line of cases. Because both lines of cases emanate ultimately from United States Supreme Court constructions of the double jeopardy clause in the Constitution of the United States, this Court has obediently fallen in line.
PATTERSON, C.J., and BROOM, P.J., join in this opinion.